[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence February 26, 1998[1]
Date of Application February 9, 1996 Date of Application Filed February 21, 1996 Date of Decision October 24, 2000
Application for Review of Sentence imposed by the Superior Court, Judicial District of Hartford.
Docket No. CR 94-457617
John Stawicki, Esq. Defense Attorney, Counsel For Petitioner
Victor Carlucci, Esq. Assistant States Attorney, Counsel for the State
 BY THE DIVISION
After trial by jury the petitioner was found not guilty of Murder and not guilty of Assault in the Second Degree with a Firearm and guilty of Conspiracy to Commit Murder and guilty of Risk of Injury to a Minor and guilty to Attempt to Commit Assault in the First Degree. The Attempt to Commit Assault in the First Degree was reversed by the Appellate Court.
On remand, to the remaining counts of Conspiracy to Commit Murder and Risk of Injury the trial court imposed a sentence of 20 years and 10 years, respectively and consecutively, for a net effective sentence of 30 years. It is this sentence that petitioner seeks to have reviewed.
The record reveals the following basis for the charges.[2] A car was driving slowly down Allen Drive. Four persons were in that car, all wearing hooded sweatshirts. The petitioner was sitting on the door out the window of the passenger side holding, on the roof of the car, an automatic gun estimated to be about two feet long with a clip extending downward estimated to be about nine inches long. In that position, the petitioner was facing the murder victim. Three state's witnesses testified that the defendant started shooting toward the murder victim. The victim fell to the ground. An evidence technician found twenty-nine shell casings that were of different brands of ammunition at or about the scene. The shots were fired in an area where other citizens were placed in a zone of danger including a 4 year old child who was in the company of the victim. CT Page 14815
The trial court, at sentencing, commented, inter alia, that the evidence supported a finding that (the murder victim) had been gunned down "pursuant to a plan or conspiracy hatched days earlier, in which the defendant was an admitted participant in the conspiracy. "[T]he use of a high powered automatic weapon in heavily congested urban neighborhood with people gathered in clusters on a warm August evening evidenced a callous indifference to the sanctity of life."
At the hearing before the Division counsel for the Petitioner stressed that the petitioner was sentenced for crimes for which he was acquitted. Counsel indicates that according to the state's evidence three guns were utilized by the perpetrators. Counsel indicated the petitioner worked since attaining the age of 16 and constantly worked at various trades up to the time of incarceration. The petitioner has several children and maintains contact with them. Admittedly, counsel claims, the petitioner was a member of the Latin Kings and since the incident petitioner has "opened his eyes" and is involved with his church. Petitioner wants to be a productive member of society.
Counsel for the State pointed out that in the PSI the petitioner claims he was not at the scene of the crime. Counsel for the State indicated there was testimony at the trial that the petitioner was a regional director of the Latin Kings and participated in the planning of the "hit" on the murder victim who may have been aspiring to membership in a rival gang. Counsel emphasized the petitioner's extensive prior criminal history. Counsel also indicated that pursuant to State v. Huey,199 Conn. 121 (1986) the sentencing court had wide latitude in the information the court considers at the sentencing proceeding.
The conduct attributed to the petitioner is of a most heinous nature. To participate in gang warfare without regard for the lives and safety of innocent citizens jeopardizes the very fabric of a civilized society. The petitioner was, at the time of sentencing, clearly a serious threat to the community.
Pursuant to Connecticut Practice Book § 43-23 et seq., the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended."
The Division is without authority to modify sentences except in accordance with the provision of Connecticut Practice Book § 43-23 et CT Page 14816 seq. And Connecticut General Statute § 51-94 et seq.
In reviewing the records as a whole, the Division finds that the sentencing court's actions were in accordance with the parameters of Connecticut Practice Book § 43-23 et seq.
The sentence imposed was neither inappropriate or disproportionate.
The sentence is AFFIRMED.
Miano, J., Klaczak, J., and Ianotti, J. participated in this decision.